IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| BARBARA HAGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:22-cv-00001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WAL-MART STORES EAST, LP *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Barbara Hager ("Hager") sued Wal-Mart Stores East, LP, and WalMart, Inc., (collectively "Walmart"), claiming that Walmart's negligence caused the injuries she sustained after tripping over an empty pallet in a store aisle. Walmart has moved for summary judgment, arguing that the pallet presented an open and obvious risk of tripping, meaning that Hager was contributorily negligent by failing to avoid that risk. As explained below, the court finds that the pallet was an open and obvious hazard and will grant Walmart's motion for summary judgment.

## I.   BACKGROUND

The following facts are either undisputed or presented in the light most favorable to Hager, the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Henry v. Purnell*, 652 F.3d 524, 527 (4th Cir. 2011). They are established through Hager's deposition testimony and a surveillance video of the incident.[1]

---

[1] Walmart filed surveillance video of the incident as an exhibit with its brief in support of its motion for summary judgment. (ECF No. 15-1.) The video will be cited herein by reference to the on-screen time in the video in the format: Video at hh:mm:ss.

On December 22, 2018, Hager and her husband went shopping at a Walmart store in Winchester, Virginia. (Dep. of Barbara Hager at 4:13–18, Apr. 28, 2022 [ECF No. 15-2].) After they perused the vegetable, cereal, and bakery aisles, the couple headed to the cheese aisle. (*Id.* at 43:2–10.) While Hager looked for "sharp cheese" for a recipe, her husband went to the dairy aisle to get some milk and coffee creamer, leaving Hager alone. (*Id.* at 43:11–17.)

According to Hager, the store had rearranged some of the cheeses, so she "was trying to look up high and low and all over the place to try to find the cheese." (*Id.* at 44:6–9.) Surveillance video taken at the time shows Hager in the top left of the frame. (*See* Video 11:27:30; Hager Dep. at 62:15–18 ("Q: . . . When you say 'that's me,' it's the woman walking along the aisle on the left, that's you? A: Yes.").) The video shows a blue pallet in the middle of the wide aisle. (Video at 11:27:30.) The pallet appears to have a small white item on it, but is otherwise empty of merchandise. (*Id.*) No other pallets, product displays, or other obstructions surround the pallet. (*Id.*) First, Hager walks alongside and past the pallet once without her cart—with the pallet on her left—while keeping her eyes on the cheese display. (*Id.* at 11:27:27–37.) She then walks back alongside and past the pallet—with the pallet on her right—and retrieves her shopping cart. (*Id.* at 11:27:38–11:28:04.) She then walks backwards alongside and past the pallet, pulling the cart and continuing to examine the cheese display. (*Id.* at 11:28:06–21.) She then walks forward again, taking a few steps while pushing the cart, and stops adjacent to the pallet, between the pallet and the cheese display. (*Id.* at 11:28:26-33.) Finally, after reaching into the display and selecting a package, Hager steps backwards, trips over the pallet, and falls to the ground. (*Id.* at 11:28:33–49.) The video stills depict this series of events:



(ECF No. 15-3, at 4–5, 9, 12.)

Plaintiff originally filed suit against Walmart in state court, alleging that Walmart negligently placed the pallet in the aisle and failed to exercise ordinary care to keep its store free from unreasonable hazards. (Compl. [ECF No. 1-1].) Walmart removed the case to this court on January 5, 2022. (ECF No. 1.) Following partial discovery, Walmart filed the present motion for summary judgment. (ECF No. 14.) The motion has been fully briefed by the parties, and the court heard oral argument on August 17, 2022. After reviewing the arguments of the parties, the evidence in the record, and the applicable law, the matter is ripe for disposition.

## II.   SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party carries its burden, the nonmoving party must then come forward and establish a specific material fact in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . ." *Anderson*, 477 U.S. at 255. But the nonmoving party must "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" *Glynn*,

710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

### III.   DISCUSSION

Virginia law controls this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938). In Virginia, a premises owner "owes a duty to its invitee (1) to use ordinary care to have the premises in a reasonably safe condition for the invitee's use consistent with the invitation, and (2) to use ordinary care to warn its invitee of any unsafe condition that was known, or by the use of ordinary care should have been known, to the owner, except that the owner has no duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986) (citations omitted). It is well-established that, when "the danger complained of was open and obvious to a person exercising reasonable care for his own safety[,]" the invitee is contributorily negligent, and is barred from recovery. *Tazewell Supply Co. v. Turner*, 189 S.E.2d 347, 349–50 (Va. 1972).

"Under Virginia law, contributory negligence is a complete bar to recovery for injuries caused in part by the negligence of another." *Beach v. Costco Wholesale Corp.*, No. 5:18cv92, 2020

U.S. Dist. LEXIS 66324, at *5 (W.D. Va. Apr. 15, 2020) (collecting cases). An issue of contributory negligence is typically fact-intensive and often reserved for a jury. *See Moses v. Sw. Va. Transit Mgmt. Co.*, 643 S.E.2d 156, 160 (Va. 2007). But where the material facts are clear and uncontroverted, contributory negligence may be established—and decided—as a matter of law. *Id.* ("The issue becomes one of law for the [] court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence.") (citations omitted). Indeed, Virginia courts and those applying Virginia law have long held that a plaintiff who trips over an open and obvious hazard—including pallets, boxes, and baskets in store aisles—is contributorily negligent as a matter of law. *See, e.g., Bishop v. Lowe's Home Ctrs., Inc.*, 32 F. App'x 687, 689 (4th Cir. 2002) (per curiam); *Roberson v. Ollie's Bargain Outlet, Inc.*, No. 3:21-cv-312, 2022 U.S. Dist. LEXIS 25187, at *6–7 (E.D. Va. Feb. 11, 2022) (pallet); *Logan v. Boddie-Noell Enters.*, No. 4:11-cv-00008, 2012 U.S. Dist. LEXIS 5345, at *36 (W.D. Va. Jan. 18, 2012); *Cameron v. K Mart Corp.*, No. 3:09cv00081, 2010 U.S. Dist. LEXIS 76224, at *8–9 (W.D. Va. July 28, 2010) (box); *England v. Food Lion, LLC*, No. 6:05-cv-00028, 2006 U.S. Dist. LEXIS 20025, at *6 (W.D. Va. Mar. 31, 2006) (three-tier basket); *Tazewell Supply Co.*, 189 S.E.2d at 349–50 (cardboard box); *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991).

"Virginia law does not recognize distraction by shopping displays as an excuse for failing to exercise proper care in placing one's feet." *Cameron*, 2010 U.S. Dist. LEXIS 76224, at *8 (citing *Tazewell Supply Co.*, 189 S.E.2d at 350). Ultimately, "the guiding inquiry in

determining whether a defect was open and obvious is whether the plaintiff would have seen the hazard if she had been looking."[2] *Id.* at *8 (internal quotation marks omitted).

The record demonstrates that Walmart is entitled to summary judgment because the pallet presented an open and obvious hazard. First, the pallet was a bright blue color that did not blend into the brown floor of the store. (*See* ECF No. 15-3, at 5.) Second, it was placed in a large open area in the store and completely unobstructed by merchandise or other shopping displays. (*See id.*) Third, the pallet's location in the large aisle left several feet of space for shoppers to access the cheese section and safely move through the store. (*See id.*) In the approximately 28 minutes between the time the pallet was moved into position on the floor (Video at 11:00:31) and Hager's fall (*id.* at 11:28:46), multiple shoppers navigated without issue alongside, past, and around the pallet. (*See id.* 11:00:35-46 (shopper with shopping cart goes around pallet); 11:03:07-17 (group of three shoppers, including one with shopping cart, goes around pallet); 11:09:35-50 (group of two shoppers—one with shopping cart and the other without—splits up and go around pallet, one passing alongside of it on the display side and the other on the aisle side); 11:15:24-34 (shopper with shopping cart passes alongside pallet on aisle side); 11:18:20-35 (shopper with shopping cart goes around and passes alongside pallet on display side); 11:19:02-37 (same); 11:25:27-32 (same, but without shopping cart). In fact, the video shows another shopper maneuvering between the pallet and Hager as she walked backwards with her shopping cart, so at least one shopper clearly observed the pallet just seconds before Hager tripped and fell. (*Id.* at 11:28:06–09.)

---

[2] The Supreme Court of Virginia has declined to adopt a general rule that a plaintiff's failure to look down constitutes contributory negligence in every case. *See Fultz v. Delhaize Am., Inc.*, 677 S.E.2d 272, 275 (Va. 2009); *Little Creek Inv. Corp. v. Hubbard*, 455 S.E.2d 244, 246 (Va. 1995).

The court agrees with Walmart that the surveillance video leaves no genuine dispute of material fact that Hager should have seen the pallet "had she looked at the floor she was crossing at least once during the several times she passed the pallet . . . ." (Defs.' Br. Supp. Mot. Summ. J. at 4 [ECF No. 15].) But the video does not show Hager glancing at the floor at all. And Hager admits as much, testifying "I wasn't looking at the pallet. I was looking at the cheese." (Hager Dep. at 64:11–12.)

Walmart relates this case to *Gottlieb v. Andrus*, 104 S.E.2d 743 (Va. 1958), and the court finds that comparison instructive. In *Gottlieb*, the Supreme Court of Virginia overturned a jury verdict in favor of the plaintiff, Alex Gottlieb, where she tripped over cereal boxes left in a grocery store aisle. *Id.* at 747. Just like in this case, Gottlieb walked down the aisle without glancing at the floor, found the item she was looking for, took a step backwards, and tripped over the boxes. *Id.* at 745. When asked whether she had a clear view of the aisle as she walked down it, Gottlieb testified, "I was seeing the cereal as I walked down the aisle." *Id.* In setting aside the jury verdict, the court likened Gottlieb's inattention to closing her eyes and walking down the aisle and held that "a glance down the aisle as [Gottlieb] first entered it, or at any point as she walked along, would have shown her the boxes on the floor, whether they were on her left or on her right . . . ." *Id.* at 747. Here too, if Hager had glanced behind her while pulling the cart backwards—or at any time while she was browsing in the vicinity of the pallet—she would have seen the pallet on the floor. The exercise of ordinary care for one's own safety typically involves looking where one is going, especially when walking backwards.

Hager contends that her case is distinguished from *Gottlieb* because, in that case, the plaintiff walked directly through the allegedly hazardous condition prior to tripping. (*See* Pl.'s

Br. Opp'n Mot. Summ. J. at 3 [ECF No. 18].) Hager asserts that "[s]he did not pass directly through the space where the hazard was placed prior to falling . . . but was several feet away in a large open space." (*Id.*) The surveillance video refutes this characterization. Hager passes directly between the shopping display and the blue pallet several times prior to her fall. (*See* Video at 11:27:27–11:28:45.)

Hager also points to *Nuckoles v. F.W. Woolworth Co.*, 372 F.2d 286, 287 (4th Cir. 1967), where the Fourth Circuit reversed a district court's grant of judgment as a matter of law in favor of a defendant because the box the plaintiff tripped on was not open and obvious as a matter of law. But in *Nuckoles* the court held that the box was "the same color as the floor, and . . . might have been concealed by the presence of the clerk until [the] plaintiff was nearly upon it." *Id.* Here, on the other hand, the pallet was blue and had what appears to be a small white box or bag of merchandise on top of it. (*See* ECF No. 15-3, at 5.) The blue pallet stood out from the store's brownish-colored floor[3] and was not at all obstructed by any employee or other displays. (*See id.*)

Because the pallet presented an open and obvious hazard as a matter of law, the court finds that Hager was contributorily negligent and is therefore barred from recovering from Walmart for the injuries she sustained in this fall.

## IV.   CONCLUSION

In sum, Hager was contributorily negligent as a matter of law, and the court will grant Walmart's motion for summary judgment.

---

[3] The angle from which the ceiling lighting hits the floor in the surveillance video, combined with the camera's angle, makes it difficult to identify with precision what color the floor is; what *is* clear from the video footage and still images in the record, though, is that the blue pallet stood out from it.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 22nd day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
